# THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| FRIEDMAN & WEXLER, LLC | ) | 11-27030 |
| | ) | |
| Debtor | ) | Hon. Timothy Barnes |
| | ) | |

## NOTICE OF ROUTINE MOTION

**PLEASE TAKE NOTICE** that on Wednesday, July 31, 2013, at 10:00AM, or as soon thereafter as Counsel may be heard, I shall appear, on behalf of Michael Friedman and TUCANS LLC before the Honorable Timothy Barnes or any judge sitting in his stead, in Courtroom 613 of the United States Courthouse, 219 S. Dearborn Street, Chicago, Illinois and then and there present the attached **Routine Motion to Take Rule 2004 Examination of Roberts & Weddle LLC,** a copy of which is attached hereto.

THE APPENDED PROPOSED ORDER MAY BE ENTERED BY THE JUDGE WITHOUT PRESENTMENT IN OPEN COURT UNLESS A PARTY IN INTEREST NOTIFIES THE JUDGE OF AN OBJECTION THERETO PURSUANT TO SECTION C OF LOCAL RULE 9013-9.

    Respectfully submitted,

    /s/   Jonathan D. Golding
    Attorney for TUCANS LLC

Jonathan D. Golding, Esq. (ARDC#6299876)
THE GOLDING LAW OFFICES, PC
500 N. Dearborn Street, 2nd Floor
Chicago, IL 60654
Tel:  (312) 832-7892
Fax:  (312) 755-5720
Email: jgolding@goldinglaw.net

1

# CERTIFICATE OF SERVICE

      The undersigned hereby certifies that he caused a copy of the foregoing Notice of Routine Motion along with said Motion and Proposed Order to be filed with the Clerk of the U. S. Bankruptcy Court, Northern District of Illinois, using the CM/ECF filing system, and by electronic notification to the following parties on July 24, 2013.

TO:

**Chapter 7 Trustee David Herzog**
drhlaw@mindspring.com

**Jim Morgan**
Attorney for the Chapter 7 Trustee

AND BY DEPOSIT WITH US MAIL 1st CLASS PREPAID TO:

**Roberts & Weddle P.C.**
111 N. Canal St., Ste. 885
Chicago, IL 60606

**David T. Grisamore**
111 N Canal Street, Suite 885
Chicago IL 60606
(312) 589-5817

                                      By: /s/ Jonathan D. Golding

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| FRIEDMAN & WEXLER, LLC | ) | 11-27030 |
| | ) | |
| Debtor | ) | Hon. Timothy Barnes |

**ROUTINE MOTION TO TAKE 2004 EXAMINATION
OF ROBERTS & WEDDLE LLC**

NOW COMES Michael Friedman and TUCANS LLC (the "Movants") by and through their attorneys, The Golding Law Offices, P.C. and hereby moves the Court to order the examination of Roberts & Weddle LLC pursuant to Fed. R. Bankr. P. 2004, and in support thereof states as follows:

BACKGROUND

1. Chapter 7 Trustee David R. Herzog filed a Motion for Turnover of Estate Property against the law firm of Roberts & Weddle LLC on March 26, 2012.

2. Michael Friedman and TUCANS LLC intervened in the Trustee's Motion for Turnover by filing an Emergency Motion for a Temporary Restraining Order.

3. By agreement with the Trustee, Michael Friedman and TUCANS LLC voluntarily withdrew their motion with the understanding that the Turnover Order would specify that no determination was being made as to the ownership of the alleged Estate Property, but that mere custody of the alleged Estate Property was being transferred to the Trustee for safekeeping pending further determination by the Court regarding the status of the alleged Estate Property, and that the Trustee was not to sell, dispose of, alter, or destroy any of the alleged Estate Property.

4. The Turnover Order, a true and correct copy of which is attached hereto as Exhibit A and made a part hereof, reflecting the understanding between Michael Friedman, TUCANS LLC, and the Trustee was entered on May 11, 2012.

5. In order to limit the expense to the Estate, the Trustee arranged with Roberts & Weddle LLC to continue in possession of the alleged Estate Property as the agent of the Trustee pending the outcome of the litigation between Michael Friedman, TUCANS LLC, and the Trustee regarding the ownership of the alleged Estate Property. This arrangement is recorded in the Interim Order Granting Motion To Compel Trustee to Abandon entered November 1, 2012 [Docket #67], which stated in relevant part, "The terms of the disposition of the Equipment remaining in the custody of the Estate at Roberts & Weddle shall be subject to further order of this Court." A true and correct copy of said order is attached hereto as Exhibit B and made a part hererof.

6. Michael Friedman and TUCANS LLC prevailed in their motion pursuant to 11 U.S.C. § 725 to compel the Trustee to release the alleged Estate Property to them (the "725 Motion"). The order granting that motion (attached hereto as Exhibit C and made a part hereof) stated that "The Equipment shall be immediately released to the shared custody of the Movants to be moved from its current location in the offices of Roberts & Weddle LLC to the offices of the Movants at 1530 N. Dayton, 2nd Floor, Chicago, IL 60642 at the expense of the Movants where is [sic] shall remain in the shared custody and control of the Trustee subject to this Order."

7. Subsequently, arrangements were made for movers hired by Michael Friedman and TUCANS LLC to retrieve the Equipment identified in the 725 Motion from Roberts & Weddle LLC. Because Roberts & Weddle LLC refused to allow Michael Friedman on their premises, it fell to Mr. Friedman's attorney Jonathan Golding to supervise the move. When Mr. Golding

arrived at Roberts & Weddle LLC, boxes of loose equipment, piles of computers and peripherals, and disassembled furniture were lined up in the hallway outside the Roberts & Weddle offices. It was not possible, given the time constraints imposed by the office building and Roberts & Weddle LLC, for Mr. Golding to confirm that each piece of equipment matched up to the Equipment identified in the 725 Motion.

8. Once Mr. Friedman had the opportunity to inspect the equipment which had been recovered from Roberts & Weddle LLC, he discovered that much of the Equipment from the 725 Motion was missing or broken, and that certain computers and other equipment had serial numbers which did not match the serial numbers from the exhibits to the 725 Motion.

9. In a good faith effort to resolve these issues, counsel for Mr. Friedman contacted Adam Roberts from Roberts & Weddle LLC.  Mr. Roberts expressed that he was not working off the list of Equipment from the 725 Motion, but rather was working off of a list he claimed had been negotiated as a part of a replevin action in the Circuit Court of Cook County, 2010 M1 501798 (the "Replevin List").   No turnover order was entered in the replevin case, as the Chapter 7 Trustee intervened in the proceeding.

10. The Movants then presented Roberts & Weddle LLC, through its attorney David Grisamore, with a chart comparing the two lists of equipment and asking for a written response as to what happened to the equipment which was in the 725 Motion but missing from the equipment turned over by Roberts & Weddle LLC, as well as what happened to the equipment which was in the Replevin List but missing from the equipment turned over by Roberts & Weddle LLC.  A true and correct copy of the "Comparison Chart" is attached hereto as Exhibit D and made a part hereof.

5

11. The Movants also asked Roberts & Weddle LLC for the correct password to access the Tucnet server, as the password previously provided by Roberts & Weddle LLC, which contained expletives directed at Mr. Friedman, did not work. That list is attached hereto as Exhibit E and made a part hereof.

12. Roberts & Weddle LLC refused to provide the correct password or to provide an explanation as to the disposition of the missing Equipment. Instead, they presented a putative release signed by the Movants which was intended to be granted as a part of the replevin order which was never entered, and which is conditioned upon the turnover of the equipment from the Replevin List in its entirety, which has not yet occurred. See Exhibit F attached hereto and made a part hereof.

13. Regardless, the release does not apply to Roberts & Weddle LLC's role as agent of the Chapter 7 Trustee and as custodian of the alleged Estate Property held pursuant to the Turnover Order.

14. Roberts & Weddle LLC claims not to be bound by the 725 Order as they were not served with notice. However, at the time of the filing of the 725 Motion Roberts & Weddle LLC was the agent of the Chapter 7 Trustee. As such, service upon the Chapter 7 Trustee was sufficient.

15. The Movants seek to examine Roberts & Weddle LLC pursuant to Fed. R. Bankr. P. 2004 regarding the disposition of alleged Estate Property held or being held by Roberts & Weddle LLC as agent of the Chapter 7 Trustee and as custodian of the alleged Estate Property held pursuant to the Turnover Order.

16. The Movants seek an order compelling Roberts & Weddle LLC to answer written interrogatories based substantially on Exhibits A, D and E, and authorizing the Movants to

propound said interrogatories in excess of the limitations on number pursuant to Fed. R. Bankr. P. 7026.

17. The Movants seek an order authorizing the oral depositions of Adam Roberts, Jeremy Weddle, Cesar Carion, and Ed Packheiser on behalf of Roberts & Weddle LLC.

18. This is a routine motion pursuant to Local Rule 9013-9(10).

WHEREFORE, MOVANTS PRAY that (i) this Court order the examination of the Debtor by the Movants pursuant to Fed. R. Bankr. P. 2004, (ii) for any further relief as this Court may deem just.

                    Respectfully submitted,

                    TUCANS LLC

                    /s/   Jonathan D. Golding

                    Attorney for TUCANS LLC

Jonathan D. Golding, Esq. (ARDC# 6299876)
THE GOLDING LAW OFFICES, PC
500 N. Dearborn Street, 2nd FL
Chicago, IL 60654
Tel:  (312) 832-7885
Fax: (312) 755-5720
Email:  jgolding@goldinglaw.net